IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RODNEY DWAYNE PRESLEY § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-05-CV-2533-D |
| DOUGLAS DRETKE, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Rodney Dwayne Presley, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons stated herein, the application should be denied.

I.

Petitioner entered an open plea of guilty to the second-degree felony offense of aggravated assault with a deadly weapon.  After hearing evidence on punishment, the trial court sentenced petitioner to the statutory maximum of 20 years confinement.  His conviction and sentence were affirmed on direct appeal.  *Presley v. State*, No. 05-04-00103-CR, 2004 WL 1663187 (Tex. App.-- Dallas, Jul. 27, 2004, pet. ref'd).  Petitioner also filed an application for state post-conviction relief.  The application was denied without written order.  *Ex parte Presley*, No. 62,092-01 (Tex. Crim. App. Nov. 23, 2005).  Petitioner then filed this action in federal court.

II.

Petitioner raises five broad issues in nine grounds for relief.  Succinctly stated, petitioner contends that:  (1) his guilty plea was involuntary; (2) he received ineffective assistance of counsel

at trial and on appeal; (3) the prosecutor failed to disclose exculpatory evidence; (4) the trial court abused its discretion by not requesting a psychological or drug evaluation before sentencing; and (5) the evidence was insufficient to support a deadly weapon finding.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 120 S.Ct. at 1523; *see also Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004). Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'"

*Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference to state court findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

B.

Petitioner contends that his guilty plea was involuntary due to ineffective assistance of counsel. Without elaboration or explanation, petitioner argues that a "guilty plea cannot be voluntary when the advice from his court appointed attorney was not in the range of competence demanded of attorneys in this type of case. This simple misdemeanor assault was blown way out of proportion." (Hab. Pet. at 7, ¶ 20(B)).

1.

A trial judge is required to ensure that a guilty plea is knowing and voluntary. *See James v. Cain,* 56 F.3d 662, 666 (5th Cir. 1995). The defendant must have "a full understanding of what the plea connotes and of its consequence." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied*, 112 S.Ct. 1678 (1992), *quoting Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). This constitutional inquiry focuses on three core concerns: (1) the absence of coercion; (2) an understanding of the charges; and (3) a realistic understanding of the consequences of the guilty plea. *United States v. Bernal,* 861 F.2d 434, 436 (5th Cir. 1988), *cert. denied*, 110 S.Ct. 203 (1989). These core concerns are addressed by the admonishments contained

in Tex. Code Crim. Proc. Ann. art. 26.13. *See* TEX. CODE CRIM. PROC. ANN. art 26.13 (Vernon Supp. 2005).[1]

2.

Petitioner was originally charged with aggravated assault on a public servant, a first-degree felony. The indictment alleges that petitioner intentionally, knowingly, and recklessly caused bodily injury to Carl Hopkins, a DART bus driver, by striking and pulling Hopkins with his hand, a deadly weapon. (St. App. Tr. at 2). On or about June 30, 2003, Karen Lambert was appointed by the court to represent petitioner. (St. Hab. Tr. at 70). Lambert met with petitioner on at least five different occasions prior to trial. (*Id.*). At their first meeting, petitioner admitted to initiating the attack, but said he hit Hopkins only once in the shoulder. (*Id.*). Lambert later learned that Hopkins lost a tooth and dislocated his shoulder, which required surgery, as a result of the attack. (*Id.* at 71). When confronted with this evidence, petitioner admitted to hitting Hopkins three times and knocking out his tooth. (*Id.*). The prosecutor made a plea offer of five years on the offense as indicted or, alternatively, 10 years on the serious bodily injury count without a deadly weapon finding. (*Id.*). Petitioner rejected both alternatives and demanded a jury trial. (*Id.*). The state eventually agreed to reduce the assault charge to a second-degree felony after Lambert pointed out that a bus driver did not meet the definition of "public servant" under Texas law. (*Id.*). However, the plea offer remained the same. (*Id.*).

In November 2003, petitioner told Lambert that he wanted to plead guilty without the benefit of a plea bargain and ask the judge for probation with drug counseling. (*Id.*). On January 16, 2004,

---

[1] The Fifth Circuit has held that the admonishments under Fed. R. Crim. P. 11 provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *United States v. Gracia*, 983 F.2d 625, 627 (5th Cir. 1993). The requirements of Rule 11 and article 26.13 are substantially similar. *Compare* FED. R. CRIM. P. 11 *and* TEX. CODE CRIM. PROC. ANN. art 26.13. It therefore follows that the same "prophylactic protections" attach to the admonishments under article 26.13. *See Jamme v. Cockrell*, No. 3-01-CV-1370-L, 2002 WL 1878403 at *5 n.4 (N.D. Tex. Aug. 12, 2002).

petitioner appeared in court with his attorney and pled guilty to the second-degree felony offense of aggravated assault. (SF-Plea Hrg. at 4). Petitioner signed a judicial confession and written waivers acknowledging his constitutional rights, the range of punishment, and the nature of the charges against him. (St. Hab. Tr. at 76-78). The judge also admonished petitioner that the range of punishment upon conviction was not less than two years nor more than 20 years confinement and a $10,000 fine. (SF-Plea Hrg. at 4). Although deferred adjudication probation for up to 10 years was an option, the judge explained:

> I can put you in the penitentiary today, you know, no probation, just here you go, do your time, see you later. Or I can look at it and defer a finding, place you on probation and, you know, nine years, nine months from now, if you violate, you could be back before the Court and subjected to 20 years.

(*Id.* at 6). Petitioner responded that he understood his rights and, after discussing the matter with his attorney, wanted to plead guilty. (*Id.* at 7).

Petitioner now contends that his lawyer gave him poor advice which somehow rendered his guilty plea involuntary. In rejecting this claim on collateral review, the state habeas court implicitly found that petitioner's guilty plea was knowing and voluntary. This finding is conclusive in a subsequent federal habeas proceeding unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002) (presumption of correctness applies to both explicit and implicit findings necessary to state court's conclusions of mixed law and fact). Petitioner has failed to offer any evidence, much less clear and convincing evidence, to rebut the state court findings. Consequently, this ground for relief should be overruled. *See Britton v. Dretke*, No. 3-04-CV-1049-N, 2004 WL 1960145 at *2 (N.D. Tex. Sept. 2, 2004) (Kaplan, J.), *rec. adopted*, 2004 WL 2124115 (N.D. Tex. Sept. 22, 2004) (rejecting argument that guilty plea was involuntary where petitioner was properly admonished by

trial judge in accordance with Texas law).

C.

Petitioner further alleges that his attorney: (1) coerced his confession, (2) failed to investigate the facts of the case, (3) did not file any motions to reduce the crime to a misdemeanor, and (4) neglected to obtain videotapes of the incident, witness statements, or medical records which would have shown that the victim was in poor health before the assault. He also accuses the prosecutor of withholding evidence favorable to the defense. These claims fail for two reasons. First, a voluntary guilty plea waives all non-jurisdictional defects in a criminal proceeding. This includes claims alleging ineffective assistance of counsel and due process violations that do not implicate the validity of the plea itself, including the failure to disclose exculpatory evidence. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir.), *cert. denied*, 121 S.Ct. 282 (2000) (ineffective assistance of counsel claim); *Matthew v. Johnson*, 201 F.3d 353, 361-62 (5th Cir.), *cert. denied*, 121 S.Ct. 291 (2000) (*Brady* claim). Because petitioner has failed to establish that his guilty plea was involuntary, these claims are waived.

Second, petitioner has failed to demonstrate how these alleged constitutional violations prejudiced the outcome of the case. His conclusory assertions are insufficient to merit habeas relief. *See Barnard v. Collins*, 958 F.2d 634, 642 n.11 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 990 (1993) (habeas petitioner must show how alleged errors and omissions were constitutionally deficient); *Britton*, 2004 WL 1960145 at *3 (same).

D.

In two related grounds, petitioner complains that neither the trial judge nor his attorney requested a psychological or drug evaluation prior to sentencing.[2] Under Texas law, a presentence

---

[2] These claims, which implicate the validity of petitioner's sentence, are not waived by his voluntary guilty plea.

report must include a psychological evaluation of a defendant convicted of a felony offense if the judge, "through his own observation or on suggestion of a party," believes the defendant may suffer from a mental impairment. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 9(i) (Vernon Supp. 2004). A judge also has discretion to direct the probation department to "conduct an evaluation to determine the appropriateness of, and a course of conduct necessary for, alcohol or drug rehabilitation," if the judge determines that alcohol or drug abuse may have contributed to the commission of the offense. *Id.* art. 42.12, § 9(h). Although defense counsel did not request a psychological or drug evaluation, she did present evidence that petitioner was an habitual substance abuser and had been accepted into a Cenikor drug treatment program. (SF-Plea Hrg. at 22-25, 28-34, 40-43). Notwithstanding this evidence, the judge declined to order probation with drug treatment, primarily because petitioner lied to the court and failed to accept full responsibility for attacking the bus driver. (*Id.* at 44-45).

On direct appeal, the state court determined that the trial judge's failure to request a psychological or drug evaluation was, at most, harmless error. *Presley*, 2004 WL 1663187 at *4. That ruling, which is amply supported by the record, also informs the court's decision on petitioner's ineffective assistance of counsel claim. Even if the trial judge had ordered a psychological and drug evaluation, there is no reason to believe that petitioner would have received probation in light of his false testimony at the sentencing hearing. Absent a showing of prejudice, petitioner is not entitled to habeas relief.

E.

Finally, petitioner contends that the evidence was insufficient to support a deadly weapon finding and that his attorney was ineffective for failing to raise this issue on appeal. Respondent counters that these claims are barred from federal habeas review because they were never presented to the Texas Court of Criminal Appeals and any attempt to do so at this juncture would be futile.

1.

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). Only procedural rules that are firmly established and regularly followed by state courts can prevent habeas review of federal constitutional rights. *Hathorn v. Lovorn*, 457 U.S. 255, 262-63, 102 S.Ct. 2421, 2426, 72 L.Ed.2d 824 (1982). Article 11.07 of the Texas Code of Criminal Procedure prohibits a second habeas petition if the petitioner urges grounds therein that could have been, but were not, raised in his first habeas petition. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (Vernon Supp. 2004).[3] This statute constitutes an adequate state procedural bar for purposes of federal habeas review. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.), *cert. denied*, 115 S.Ct. 2603 (1995). The procedural bar doctrine also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under article 11.07. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

---

[3] The statute provides, in relevant part, that:

> (a) If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a).

2.

Although petitioner sought state post-conviction relief, he never challenged the sufficiency of the evidence to support a deadly weapon finding or counsel's failure to raise this issue on direct appeal. (*See* St. Hab. Tr. 7-8, 19-40). No explanation is offered to excuse this procedural default. The court finds that a Texas court, presented with these claims in a successive habeas petition, would likely find them barred under article 11.07. Consequently, federal habeas relief is not proper. *See Coleman*, 111 S.Ct. at 2557 n.1; *see also Nobles v. Johnson,* 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 27, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE