IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RODNEY DWAYNE PRESLEY,            §
                                                         §
                    Petitioner,                  §
                                                         §        Civil Action No. 3:05-CV-2533-D
VS.                                                    §
                                                         §
NATHANIEL QUARTERMAN, Director,  §
Texas Department of Criminal Justice,     §
Correctional Institutions Division,            §
                                                         §
                    Respondent.               §

## ORDER

After making an independent review of the pleadings, files, and records in this case, and the

April 27, 2006 findings and recommendation of the magistrate judge,[1] the court concludes that the

findings and conclusions are correct and are therefore adopted.[2]  In view of this decision, the court

denies petitioner's May 3, 2006 motion to dismiss.

Moreover, if petitioner were to return to Texas state court in an attempt to exhaust his

unexhausted claims, a Texas court presented with the claims in a successive habeas petition would

likely find them barred under Tex. Code Crim. Proc. Ann. art. 11.07.  Although actual innocence

---

[1]The findings and recommendation are dated April 20, 2006, but the court docket shows they were filed April 27, 2006.  This explains why the court has previously referred to the findings and recommendation as filed on April 20, 2006.

[2]After the magistrate judge filed his findings and recommendation, petitioner filed on April 28, 2006 a motion for request leave to file a writ of traverse for exhaustion of state remedies.  On May 3, 2006 he filed a request for dismissal of his habeas petition without prejudice.  On May 8, 2006 the court granted petitioner's motion for request leave to file a writ of traverse for exhaustion of state remedies.  It stated that it would defer a ruling on petitioner's motion to dismiss until it considered his traverse.  After obtaining extensions to July 14, 2006 to file his traverse and his objections to the magistrate judge's findings and recommendation, petitioner filed on July 11, 2006 his writ of traverse for exhaustion of state remedies, and he filed on July 17, 2006 his response to respondent's answer and brief.  This matter is now ripe for decision.

may excuse a procedural default in "extraordinary cases," petitioner cannot meet this burden.  *See, e.g., Rios v. Quarterman*, 2006 WL 1877094, at *6-*7 (W.D. Tex. July 5, 2006) (magistrate judge recommendation) (concluding that actual innocence claim did not excuse procedural default where, *inter alia*, petitioner voluntarily admitted guilt at trial).  Like *Rios*, petitioner pleaded guilty to the underlying offense, and the plea was knowing and voluntary in all respects.

Accordingly, this habeas petition is denied, and this action is dismissed with prejudice.

**SO ORDERED**.

July 24, 2006.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 2 -