IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODNEY DWAYNE PRESLEY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-2533-D |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This *pro se* habeas case has been recommitted to the United States magistrate judge for a factual determination as to when petitioner delivered his Notice of Appeal to prison authorities for mailing. The findings and recommendation of the magistrate judge are as follow:

I.

Petitioner Rodney Dwyane Presley filed an application for writ of habeas corpus challenging his conviction and 20-year sentence for aggravated assault with a deadly weapon. By judgment entered on July 24, 2006, the application was denied. *Presley v. Dretke*, No. 3-05-CV-2533-D (N.D. Tex. Apr. 27, 2006), *rec. adopted by* Order, 7/24/06. Although petitioner tendered a Notice of Appeal dated August 22, 2006 to the district clerk, this pleading was not received until September 7, 2006. Unable to determine when petitioner deposited his Notice of Appeal in the prison mail system or whether the notice was timely under Fed. R. App. P. 4(a)(1)(A) & (c)(1),[1] the Fifth Circuit

---

[1] Rule 4(a)(1) provides, in pertinent part:

> In a civil case . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.

remanded the case to this court for such a determination. *Presley v. Quarterman*, No. 06-10975 (5th Cir. Oct. 6, 2006).

II.

In order to determine when petitioner placed his Notice of Appeal in the prison mail system, the court sent written interrogatories to petitioner and asked respondent to provide verified copies of the prison mail logs. Petitioner failed to answer the interrogatories as directed. On January 3, 2007, respondent provided copies of the outgoing logs for documents mailed by petitioner from the Polunsky Unit of the TDCJ-ID during August and September of 2006. Those records show that petitioner submitted two items for mailing on September 5, 2006--one to the Fifth Circuit Court of Appeals and one to the United State District Court for the Northern District of Texas. The second mailing corresponds with the Notice of Appeal received and filed by the district clerk on September 7, 2006. [Doc. # 19]. Without controverting evidence, the court can only conclude that petitioner intended to mail his Notice of Appeal to the district clerk on August 22, 2006--the date shown on the document--but failed to do so until September 5, 2006.

**RECOMMENDATION**

The court finds that petitioner deposited his Notice of Appeal in the prison mail system on September 5, 2006. This case should be returned to the court of appeals for further proceedings.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal

---

FED. R. APP. P. 4(a)(1)(A). A notice of appeal filed by a prisoner is timely if "deposited in the institution's internal mail system on or before the last day for filing." FED. R. APP. P. 4(c)(1).

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 8, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE